UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**AIM 4 PIE LLC,**
    Plaintiff,

v.

**SCHOOL HEALH CORPORATION,**
    Defendant.

Case No. 4:24-cv-1376-CLM

## MEMORANDUM OPINION

Aim 4 Pie LLC sues School Health Corporation for trademark infringement and dilution. (Doc. 1). In response, School Health asks the court to dismiss both of Aim 4 Pie's claims. (Doc. 11). For the reasons explained below, the court **GRANTS** School Health's request and **DISMISSES WITHOUT PREJUDICE** both pleaded counts.

## BACKGROUND

Because Aim 4 Pie is defending against a motion to dismiss, the court takes its pleaded facts as true. *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020).

### 1. Facts

Aim 4 Pie sells educational games and identifies its products with the federally registered mark, "AIM 4 PIE." According to its registration, "AIM 4 PIE" describes a "[c]hildren's educational game, namely, a game for physical education classes blending academic and physical elements, wherein teams of students perform academic tasks combined with movement and sports skills." (Doc. 1, p. 3–4).

School Health also sells educational products; some that it makes and some made by others. School Health advertises products on its website and in its catalog. One website ad promotes a product called "BRAINball." BRAINball is a collection of mini foam balls marked with letters and numbers to aid students in math and language arts. School Health's website currently advertises BRAINball as follows:



https://www.schoolhealth.com/brainball-physical-education-cross-curricular-system.[1]

---

[1] Though not included in the pleadings, the court considers School Health's website because it is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. V. Banc of America Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). When both elements are met, district courts may consider extrinsic documents when ruling on a motion to dismiss without converting the motion to dismiss into a summary judgment motion. *Id.*

School Health once sold Aim 4 Pie products but no longer does. After the relationship ended, School Health posted an ad for BRAINballs that included an image that used BRAINballs to spell out the word "pie":



(Doc. 1-2, p. 4). Aim 4 Pie did not give School Health permission to use the word "pie" on a competing product, so its attorney sent School Health two letters that demanded School Health remove that image from its internet and catalog advertising. While School Health did not respond to the letters, it did stop using the image.

### 2. Lawsuit

Aim 4 Pie sued School Health and alleged two counts: Trademark Infringement and Trademark Dilution. Aim 4 Pie asks the court to award damages for the "diminution in the value of, and goodwill associated with, the AIM 4 PIE mark," and any profits School Health collected because of its infringement. (*Id.*, p. 5). Aim 4 Pie also asks the court to enjoin School Health from using the mark.

In response, School Health asks the court to dismiss both counts, arguing Aim 4 Pie fails to state a plausible claim on either. (Doc. 11).

## STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

## ANALYSIS

Aim 4 Pie pleads two claims: trademark infringement and trademark dilution. The court addresses the claims in that order.

### Count 1: Trademark Infringement

Aim 4 Pie's trademark infringement claim is deficiently pleaded. "Section 32(1) of the Lanham Act, 15 U.S.C.A. § 1114(1), governs lawsuits for the infringement of a federally registered trademark."[2] *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983). Under the statute, a defendant is liable for infringement if, "without the consent of the registrant, . . . [he] use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark . . . which [] is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C.A. § 1114(1). "Thus, the critical question in most actions under § 32(1) is whether there is a likelihood of confusion, mistake, or deception between the registered mark and the allegedly infringing mark." *John H. Harland Co.*, 711 F.2d at 972.

---

[2] School Health cites to Section 43(a) of the Lanham Act in its brief supporting its motion to dismiss. (Doc. 12, p. 8). Though Aim 4 Pie doesn't cite a specific section in Count 1, the court reads its complaint as attempting to state a cause of action under Section 32(a) of the Lanham Act. Aim 4 Pie's trademark is federally registered and words like "false designation of origin" and "unfair competition" do not appear in the complaint. *See generally* (doc. 1).

As School Health points out, School Health spelled the word "pie," a common word, not "Aim 4 Pie," the trademark at issue. Aim 4 Pie fails to plead any facts that explain or would prove at trial that School Health spelled the common word "pie" as a trademark to confuse or deceive consumers into believing that "Aim 4 Pie" made the three balls. On this point, Aim 4 Pie's complaint merely says: "School Health's unauthorized use of the Aim 4 Pie mark causes consumer confusion . . . ." (Doc. 1, p. 4). But this is just a legal conclusion, devoid of facts that support it. *Twombly,* 550 U.S. at 555. So it cannot save Aim 4 Pie's pleading.

In short, the court agrees with School Health that Aim 4 Pie currently fails to state a plausible claim for trademark infringement. But the court disagrees with School Health that allowing Aim 4 Pie to replead is futile. Facts exist that Aim 4 Pie could have, but did not, include in its complaint to plausibly allege likelihood of confusion. For example, Aim 4 Pie could plead that its products or advertisements prominently feature the word "pie" or plead examples of consumers purchasing BRAINballs because they wrongly believed Aim 4 Pie was associated with the product. The court thus **DISMISSES** Count I **WITHOUT PREJUDICE** to give Aim 4 Pie the chance to cure the pleading deficiencies noted above.

### Count 2: Trademark Dilution

Aim 4 Pie's trademark dilution claim also fails. Under 15 U.S.C. § 1125, fame is necessary to prove dilution:

> " . . . the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence of absence of actual or likely confusion, of competition, or of actual injury."

*Id.* § 1125(c)(1) (highlight added). The statute defines "famous" and the two types of dilution like this:

> ***Famous***: " . . . a mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner."
>
> ***Dilution by blurring***: ". . . association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark."
>
> ***Dilution by tarnishment***: ". . . association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark."

*Id.* § 1125(c)(2)(A)–(C).

School Health argues Aim 4 Pie fails to adequately allege dilution under § 1125 because Aim 4 Pie fails to allege fame / wide recognition:

> [The complaint] fails to set forth any facts about advertising or publicity of the mark. The Complaint is devoid of facts concerning any of the amount, volume, or geographic extent of sales of any goods under the mark. There are no facts supporting any recognition of the mark at all. . . While all of those strikes are sufficient to dismiss the claim, the further requirement that Plaintiff must establish when its mark became famous certainly dooms Plaintiff's claim.

(Doc. 12, p.). The court agrees.

Along with the deficiencies School Health points out, Aim 4 Pie also fails to explain how a picture of three balls that spell "pie" blurs or tarnishes—or risks blurring or tarnishing—the "AIM 4 PIE" trademark. Except for acknowledging that School Health removed the complained of picture, Aim 4 Pie's complaint includes no facts about how the three-ball

6

picture could affect or did affect Aim 4 Pie. Additionally, Aim 4 Pie doesn't address dilution in its response to School Health's motion to dismiss. *See generally* (doc. 17). So the court considers Aim 4 Pie's dilution claim (currently) abandoned, as well as deficiently pleaded. *Jones v. Bank of Am. N.A.,* 564 Fed. Appx. 432, 434 (11th Cir. 2014).

The court however again disagrees with School Health that allowing Aim 4 Pie leave to amend would be futile. Aim 4 Pie might be able to plead facts that would show its Trademark is famous and a picture of three balls that spell the word "pie" blurred or tarnished that fame. So the court **DISMISSES** Count II **WITHOUT PREJUDICE**.

## CONCLUSION

In sum, Aim 4 Pie's claims for trademark infringement and dilution fail under Rule 12(b)(6). The court thus **GRANTS** School Health's motion to dismiss. (Doc. 11). The court's dismissal is **WITHOUT PREJUDICE**; meaning that the court will allow Aim 4 Pie *one* chance to replead its complaint to address the pleading deficiencies highlighted above. If Aim 4 Pie wishes to replead, its amended complaint is due on or before **July 16, 2025.**

**Done** and **Ordered** on **July 2, 2025.**

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE